1

2

Michael Patrick Rooney (SBN. 248491)
MICHAEL ROONEY LAW OFFICE
580 California St. Fl. 16
San Francisco, CA  94104
Tel: (415) 533-0282
Fax: (415) 704-3321

3

4

5

6

Attorney for DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO, Plaintiffs.

7

**UNITED STATES DISTRICT COURT**

8

NORTHERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO, | CASE NO.: 09-CV-4211-JL |
|---|---|
| Plaintiffs, | Complaint Filed: 8/11/2009 |
| v. | **PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT GREENPOINT MORTGAGE FUNDING INC.'S MOTION TO DISMISS** |
| GREENPOINT MORTGAGE FUNDING, INC., AURORA LOAN SERVICES, INC., QUALITY LOAN SERVICE CORP., FINANCIAL COMPANY OF AMERICA, and DOES 1-100, | |
| Defendants. | Date: November 18, 2009 |
| | Time: 9:30 a.m. |
| | Judge: Hon. James Larson |
| | Location: US District Court |
| | 450 Golden Gate Avenue |
| | Courtroom F, 15th Floor |
| | San Francisco, CA |
| | [*Motion for Remand Previously Filed*] |

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

26

27

28

29

30

1

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT GREENPOINT MORTGAGE FUNDING INC.'S MOTION TO DISMISS**

1

2

### I.    Introduction.

3       GREENPOINT FUNDING INC's ("Defendants"), motion to dismiss fails to establish a

4 basis for dismissal of any of Plaintiff's well-pleaded causes of action.  Under FRCP Rule 8,

5 "Plaintiff needs to provide only a 'short and plain statement of the claim,' which Plaintiff has done.

6

7       ### I.    Greenpoint's Argument that Plaintiffs Need to Tender Prior to Bringing Their Claims is Directly Contrary to the Express Law of the State of California.

8       First of all, plaintiff does not owe any debt or obligation to Greenpoint Mortgage Funding.

9

10 Greenpoint's claim that Plaintiff need to pay it a tender prior to Quieting Title is without any factual

11 basis, and in addition without legal basis. Further, defendant cites to *Aguilar v. Bocci,* 39 Cal.

12 App.3d 475,477, which is far off point to the instant case.  In that case, there is no dispute as to the

13 execution of the security interest.  That case involved a valid security interest granted to a criminal

14 defense attorney who represented a man charged with Assault with a deadly weapon. " The trial

15 court found . . . the deed was executed voluntarily, without undue influence, and when plaintiff

16 fully understood all the facts; action on the fee claim was barred by the statute of limitations.

17 Although the court made no specific finding thereon, the evidence is undisputed that plaintiff

18 retained possession of the property at all times." *Id.*

19

20       However, the attorney's security interest had become unenforceable over time, and therefore

21 the criminal sought to quiet title without paying. The instant case is wholly opposite. Here,

22 Defendants are the criminals. Here, Plaintiff has allegedly been defrauded into this security interest,

23 and the suggestion that Plaintiff need pay the debt prior to asking the court for a determination of

24 what the debt is, and what Plaintiff's duties are to a company that defrauded Plaintiff is both

25 incorrect and against the law.

26

27

28

29       2

30

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT GREENPOINT MORTGAGE FUNDING INC.'S MOTION TO DISMISS**

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

Moreover, Civ Code § 1691 provides:

> Subject to Section 1693, to effect a rescission a party to the contract must, promptly upon discovering the facts which entitle him to rescind if he is free from duress, menace, undue influence or disability and is aware of his right to rescind:
>    (a) Give notice of rescission to the party as to whom he rescinds; and
>    (b) *Restore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise, unless the latter is unable or positively refuses to do so*.
>    **When notice of rescission has not otherwise been given or an offer to restore the benefits received under the contract has not otherwise been made, the service of a pleading in an action or proceeding that seeks relief based on rescission shall be deemed to be such notice or offer or both.**

Civ Code § 1693 provides:

> When relief based upon rescission is claimed in an action or proceeding, such relief shall not be denied because of delay in giving notice of rescission unless such delay has been substantially prejudicial to the other party.    *A party who has received benefits by reason of a contract that is subject to rescission and who in an action or proceeding seeks relief based upon rescission shall not be denied relief because of a delay in restoring or in tendering restoration of such benefits before judgment unless such delay has been substantially prejudicial to the other party; but the court may make a tender of restoration a condition of its judgment.*

Here, it is clear that all the Defendants are absolutely unwilling to restore Plaintiff's title,

credit, and monies due under the rescinded agreement, and Plaintiff is coming to the court for relief.

Defendants have suffered no prejudice, but rather on the other hand, sought to obtain a windfall

from their scheme, to the Plaintiff's prejudice.  Defendant's argument is legally insufficient.

## II.    Defendant goes outside the scope of the court's jurisdiction on a Motion to Dismiss by arguing the merits of whether Defendants Complied with California Law.

The Complaint clearly alleges that the Defendants did not comply with California, or

practically any other law applicable to the mortgage origination scenario giving rise to this action.

3

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT GREENPOINT MORTGAGE FUNDING INC.'S MOTION TO DISMISS**

1 | Defendant's lengthy argument about its compliance with the law is inappropriate at this hearing, and

2 | is a losing argument besides, because the alleged trustee at sale was plainly not substituted in

3 | accordance with Paragraph 24 of the Deed of Trust, upon evidence judicially noticeable at the

4 | Official Records at the Office of the County Recorder of Santa Rosa, and therefore the Trustee was

5 | not empowered to sell the property. Hence, the foreclosure was improper.  Defendants would have

6 | draconian standards applied which serve only to frivolously spend the court's and counsel's time on

7 | clear cut legal issues which have been properly noticed in the Complaint.

### III.    Under a Notice Pleading Standard, Each of Plaintiff's Claims are Sufficiently Pled.

A valid complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Generally, notice pleading is all that is required. *See Lombard's Inc. v. Prince Mfg., Inc.*, 753 F.2d 974 (11th Cir. 1985).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 71 F.2d 989, 994-95 (11th Cir.1983);  *see also Sanjuan v. American Bd. Of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir.994).

The Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), has prompted some courts to reconsider the standard for deciding motions to dismiss under Rule 12(b)(6).  *See, e.g., In re Elevator Antitrust Litigation*, 502 F.3d 47, 50 (2d Cir.2007) ("Considerable uncertainty surrounds the breadth of . . . *Twombly*.")  (citations and quotations

4

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT GREENPOINT MORTGAGE FUNDING INC.'S MOTION TO DISMISS**

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

1   omitted);  *Igbal v. Hasty*, 490 F.3d 43, 157 (2d Cir.2007) (holding that *Twombly* does not require "a

2   universal standard of heightened fact pleading, but rather a flexible 'plausibility standard'").

3

4   However, it most be stressed, that in *Twombly,* the Court did not do away with the notice

5   pleading standards of  *Rule 8* and more importantly, did not require the pleadings of specific facts.

6   As one district court has observed:

7

8   The Court's forced retirement of *Conley v. Gibson's* "no set of facts" language does not

9   change the fundamental command of *Rule 8* as to what a valid complaint must look like.  Indeed,

10  the Court made clear that it was not imposing a heightened pleading standard.  *Twombly*, 550 U.S.

11

12  at 570  ("We do not require heightened fact pleading of specifics, but only enough facts to state a

13  claim to relief that is plausible on its, face.").  *CBT Flint Partners, LLC v. Goodmail Systems, Inc.*,

14  529 F.Supp.2d 1376, 1379 (N.D. Ga. 2007); *See also Hamilton v. Allen Bradely Co.*, 217 F.3d 1321

15

16  (11th Cir. 2000) ("Detail is not the bedrock on which a proper complaint stands.").

17  As the court recently explained in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), to survive a

18  motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a

19  claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A claim has a facial

20

21  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

22  inference that the defendant is liable for the misconduct alleged.  *Id.* at 556.  The plausibility

23  standard is not akin to a "probability requirement," but it asks for more than sheer possibility that a

24

25  defendant acted unlawfully. *Ashcroft v. Iqbal*, at 1949 (2009).

26  In applying *Twombly*, in *Watt v. Florida Intern. University*, 495 F.3d 1289 (11th Cir.2007),

27  the Eleventh Circuit stated that the Supreme Court's most recent formulation of the pleading

28

29  5

30

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S
OPPOSITION TO DEFENDANT GREENPOINT MORTGAGE FUNDING INC.'S
MOTION TO DISMISS**

standard provides that the rule "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary element. *Id.* It is sufficient if the complaint succeeds in "identifying facts that are suggestive enough to render [the element] plausible." *Id. Watt v. Florida Intl. Univ.*, 495 F.3d 1289, 1295-96. Thus, the question is whether Plaintiffs have alleged enough factual material to suggest, raise a reasonable expectation of, and render plausible that Defendants should be held liable.

In this case, Plaintiffs stated facts and incorporated documentary evidence sufficient to support each claim. Documents attached to the complaint and incorporated therein by reference are treated as part of the complaint for purposes of a Rule 12(b)(6) motion. *In re Colonial Mortg. Bankers Corp.* (1st Cir. 2003) 324 F.3d 12, 16; *Kaufman & Broad-South Bay v. Unisys Corp.* (ND CA 1993) 822 F. Supp 1468, 1472. Plaintiffs realleged all previous paragraphs into each cause of action. Under a 12(b)(6) motion, the court must decide whether the facts alleged, if true, would entitle Plaintiffs to some form of legal remedy. Unless the answer is unequivocally "no", the motion must be denied. *Conley v. Gibson* (1957) 355 US 41, 45-46; *De La Cruz v. Tormey* (9th Cir. 1978) 582 F2d 45, 48; *SEC v. Cross Fin'l Services, Inc.* (CD CA 1995).

"A suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim"; *Hearn v. R.J. Reynolds Tobacco Co.* (D AZ 2003) 279 F. Supp.2d 1096. The Complaint, on its face, contains multiple grounds for relief based on the facts clearly pled. Therefore, Defendant's motion must be denied.

**IV.  Defendant's Arguments Regarding Statutes of Limitations Ignore the Fact that Plaintiffs had no Way to Discover All Alleged Violations until July 2009, When**

6

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT GREENPOINT MORTGAGE FUNDING INC.'S MOTION TO DISMISS**

**They Hired a Lawyer to Investigate Why Their Payments Had Become So High.**

The doctrine of equitable tolling permits a court to deem a late filed action timely when "'principles of equity would make the rigid application of a limitation period unfair.'" *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir.1998).  In such cases, the policy of repose reflected in limitations periods, designed to protect defendants, is outweighed by "the interests of justice [that] require vindication of the plaintiff's rights." *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 428 (1965).

Under federal law, the doctrine of equitable tolling "is read into every federal statute of limitations." *Holmberg v. Armbrecht*, 327 U.S. 392 (1946); *Ernst & Young v. Matsumoto (In re United Ins. Mgmt., Inc.)*, 14 F.3d 1380, 1385 (9th Cir.1994).  Equitable tolling is applied under federal law in two types of situations:  (1) where the defendant's wrongful conduct prevented plaintiff from timely asserting his claim, and (2) where extraordinary circumstances outside plaintiff's control make it impossible for plaintiffs to timely assert his claim.  *Seattle Audubon Soc. v. Robertson*, 931 F.2d 590, 595 (9th Cir.1991), *rev'd on other grounds*, 503 U.S. 429 (1992); *Amazing Enters. V. Jobin (In re M & L Bus. Mach., Inc,)*, 153 B.R. 308, 311 (d.Colo.1993).

In addition, federal statutes are presumptively subject to equitable tolling unless tolling would be inconsistent with Congressional intent.  *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990); *Bowen v. City of New York*, 476 U.S. 467, 480 (1986).  In deciding whether equitable tolling is available under a particular statute, courts often phrase the issue as whether the time limitation constitutes or is analogous to a statute of limitations, in which case tolling is available; or whether the limitation is a jurisdictional prerequisite to filing a claim, in which case

7

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT GREENPOINT MORTGAGE FUNDING INC.'S MOTION TO DISMISS**

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

1    tolling is unavailable and noncompliance with the deadline forever bars the claim.  *See e.g., Zipes v.*

2    *Trans world Airlines, Inc.*, 455 U.S. 385, 392-93 (1982).

3

4         In this case, Plaintiffs pled that their broker deceived them not only as to the true terms of

5    the alleged agreement, but also so that they would not conduct further investigation at the time.

6    They did not know the true terms of the loan until they hired counsel, who is both a Broker and an

7    Attorney and has an MBA with heavy concentration in finance.  Therefore, Plaintiffs qualify for

8    equitable tolling of all applicable statutes of limitations.  This is pled in the Complaint.  It is not fair

9

10   to hold the Plaintiffs accountable to discover wrongs which were impossible for them to discover,

11   and which were concealed by Defendants' own wrongdoings.

12

13        **V.      If there are any Problems with the Pleading, Plaintiffs Complaint Can Be**
            **Amended to Sufficient Factual Levels, and Therefore Leave to Amend is**
14          **Appropriate.**

15        Plaintiffs submit that the motion to dismiss should be denied.  But, in the alternative,

16   Plaintiffs seek leave of court to conduct discovery and to amend the complaint to add more detailed

17   allegations concerning any causes of action the Court finds do not put Defendants on notice of the

18   claim. This is because, "leave to amend a pleading should be denied *only when* the amendment

19   would be prejudicial to the opposing party, there has been bad faith on the part of the moving party,

20   or the amendment would be futile."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th

21   Cir.1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503. 509 (4th Cir.986)) (emphasis in

22   original).  For a motion to amend to be denied for futility, the amendment must be "clearly

23

24   insufficient or frivolous on its face."  *Oroweat Foods Co.*, 785 F.2d at 510-511; *see also Rambus,*

25   *Inc. v. Infineon Tech., AG*, 304 F.Supp.2d 812, 819 (E.D.Va.2004).

26

27                                          8

28   **PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S**
     **OPPOSITION TO DEFENDANT GREENPOINT MORTGAGE FUNDING INC.'S**
29                          **MOTION TO DISMISS**

30

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

1    In addition, "[t]he Motion to dismiss for failure to state a claim is viewed with disfavor and

2    is *rarely granted*." *Gillican v. Jamco Develop. Corp.* (9th Cir. 1997) 108 F.3d 246, 249 (emphasis

3    added; internal quotes omitted).  A 12(b)(6) dismissal is proper only in "extraordinary" cases.

4    *United States v. Redwood City* (9th Cir. 1981).  "Instead of lavishing attention on the complaint

5    until the plaintiffs gets it just right, a district court should keep the case moving---if the claim is

6    unclear, by requiring a more definite statement under Rule 12(e), and if the claim is clear but

7    implausible, by inviting a motion for summary judgment." *Bennett v. Schmidt* (7th Cir. 1998) 153

8    F3d 516, 518.

9         The test is whether the facts, as alleged, support *any* valid claim entitling plaintiffs to

10   relief...not necessarily the one intended by plaintiffs.  Thus, a complaint should not be dismissed

11   because plaintiffs erroneously rely on the wrong legal theory if the facts alleged support any valid

12   theory. *Haddock v,. Board of Dental Examiners of Calif.* (9th Cir. 1985) 777 F2d 462, 464.

13        Finally, A Rule 12(b)(6) motion will not be granted merely because plaintiffs requests a

14   remedy to which he or she is not granted.  *Doe v. United States Dept. of Justice* (DC Cir. 1985) 753

15   F.2d 1092, 1104.   In this case, Plaintiffs complaint states broad grounds for relief under many

16   applicable theories of law.  Defendant's filing a 12(b)(6) was inappropriate, and was done as a

17   tactical move to harass the Plaintiffs and to cause undue delay.  Defendant's motion must be denied.

## VI.    Conclusion.

     Based on the foregoing, Plaintiff respectfully requests that Defendants' Motion be DENIED

     in its entirety. If the court grants Defendant's motion (and also denies Plaintiff's concurrent remand

9

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S
OPPOSITION TO DEFENDANT GREENPOINT MORTGAGE FUNDING INC.'S
MOTION TO DISMISS**

1    motion), Plaintiff respectfully requests leave to amend the Complaint.  Plaintiff also seeks any

2    other relief the court deems appropriate.

3
4            Dated: October 22, 2009                               Respectfully submitted,

5                                                                   By:_____/S/_____
                                                                    Michael Patrick Rooney, Esq.
6                                                                   Attorney for Plaintiffs Dannie A.
7                                                                   Guerrero and Tracey Poueu-Guerrero

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29                                                10

30

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S
OPPOSITION TO DEFENDANT GREENPOINT MORTGAGE FUNDING INC.'S
MOTION TO DISMISS**

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104