Michael Patrick Rooney (SBN. 248491)
MICHAEL ROONEY LAW OFFICE
580 California St. Fl. 16
San Francisco, CA 94104
Tel: (415) 533-0282
Fax: (415) 704-3321

Attorney for DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO, Plaintiffs.

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO,<br><br>           Plaintiffs,<br>v.<br><br>GREENPOINT MORTGAGE FUNDING, INC., AURORA LOAN SERVICES, INC., QUALITY LOAN SERVICE CORP., FINANCIAL COMPANY OF AMERICA, and DOES 1-100,<br><br>           Defendant | CASE NO.: 09-CV-4211-JL<br>Complaint Filed: 8/11/2009<br><br>**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT AURORA LOAN SERVICES LLC.'S MOTION TO EXPUNGE *LIS PENDENS***<br><br>Date: November 18, 2009<br>Time: 9:30 a.m.<br>Judge: Hon. James Larson<br>Location: US District Court<br>           450 Golden Gate Avenue<br>           Courtroom F, 15th Floor<br>           San Francisco, CA<br><br>[*Motion for Remand Previously Filed*] |

Plaintiffs respectfully submits this memorandum in support of his Opposition to AURORA LOAN SERVICES LLC ("Defendant")'s Motion to Expunge the Notice of Pendency of Action.

1

**I.   Introduction.**

Defendant motion to expunge Plaintiffs' *lis pendens* under CCP § 405.31 and 405.32 *et seq.* fails for the following reasons: 1) The recordation of a *lis pendens* is a statutory requirement of a quiet title action, 2) Plaintiffs has stated several real property claims in his Complaint, 3) Defendant misstate the burden of proof which falls upon the opposing party, and Plaintiffs' claims are "probably valid", 4) Defendant has not submitted a single piece of evidence to substantiate any harm that it would incur if the *lis Pendens* were maintained, which is essential to such motion under Cal Code Civ. Proc. §405.31 *et seq*, and finally, 8) if there is no description of the property in the *lis pendens*, the court may grant leave to Plaintiffs to amend the Notice in the interests of justice.

A "*Lis Pendens*" is a notice of the pendency of an action in which a real property claim is alleged.  Cal. Code Civ. Proc. § 405.2.  A notice of pendency of action provides constructive notice to purchasers or encumbrancers of real property of any pending actions affecting title to or possession of the real property and enables those parties to find notice of pending litigation in the recorder's office in which the real property is located.

Combined with recordation of the notice, it furnishes the most certain means of notifying all persons of the pendency of the action and to warn them against any attempt to acquire a legal or equitable interest in the real property.  Therefore, a *lis pendens* protects not only the Plaintiffs from claims arising after the initiation of her claim, but also the public at large, who deserves notice that the title to property they are buying is in dispute.

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT AURORA LOAN SERVICES LLC.'S  MOTION TO EXPUNGE *LIS PENDENS***

Title to, and the right to possession of, the Property is at the heart of this litigation. The *Lis Pendens* is necessary to preserve the rightful interest of the Plaintiffs during the pendency of this lawsuit, and all potential buyers of the subject property.

### II. Under CCP § 761.010(b), the recordation of a Notice of Pendency of Action is required in this case.

Statutorily, the Plaintiffs in a quiet title action *must* record, immediately on commencement of the action, a *lis pendens* with the county recorder of each county in which any real property described in the complaint is located. CCP §761.010(b).

Therefore, Defendant's motion should be denied in its entirety. If the court finds defects in Plaintiffs' complaint or *lis pendens*, Plaintiffs begs leave to amend. The court has not decided any of the various motions to dismiss or Plaintiffs' remand motion. If the court retains jurisdiction and finds fault with the first Complaint, Plaintiffs should be given leave to amend. As such, the court should deny the Defendant's motion, because *lis pendens* is required under CCP §§ 405.2.

### III. The Complaint as Pled, Which Forms the Basis of the Notice of Pendency of Action, Contains Claims for Real Property.

Plaintiffs has stated a plethora of allegations that clearly show that the "substance of the dispute" is a claim that affects title to or possession of real property, *see id.* at 970, and is not one merely for recovery of monetary damages. However, in contrast to *BGJ Assocs., supra*, where only *two* of 11 causes of action "focused narrowly on imposition of a constructive trust" (*ibid.*), Plaintiffs herein directed the great majority of his allegations to claims affecting the validity of title to the Subject Property, including 8 causes of action, which, if won, would affect title to the property at the time of the sale.

3

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT AURORA LOAN SERVICES LLC.'S MOTION TO EXPUNGE *LIS PENDENS***

Plaintiffs' Complaint contains no less than six **(6)** causes of action which directly affect claim to real property, such as: 1) fraud (based upon the court's equitable power to cancel the egregious note Plaintiffs was fraudulently induced to sign), 2) constructive fraud (based upon the court's equitable power to cancel the egregious note was fraudulently induced to sign), 3) broker's breach of duty to disclose (based upon the court's equitable power to cancel the note and deed of trust which Plaintiffs did not understand), 4) injunctive relief (based upon the court's equitable power to cancel the egregious note and deed of trust), 5) rescission under Truth in Lending, (giving the power to rescind per the statute), and 6) California Consumer Legal Remedies Act (giving power to rescind under the statute).

An action to cancel an instrument affecting real property interests will support a *lis pendens*. See *Martin v Lawrence* (1909) 156 C 191, 103 P 913 (deed); *Ross v Title Guar. & Trust Co.* (1934) 136 CA 393, 29 P2d 236 (to cancel the promissory note and deed of trust). An action to reform a deed or other real property instrument ordinarily constitutes a real property claim under CCP §405.31. See, *e.g., Empfield v Superior Court* (1973) 33 CA3d 105, 108 CR 375(decided under former CCP §409.1). An action based on rescission of either a real property purchase and sale agreement or an installment land sale contract usually affects title to or possession of the real property and thus should support recordation of a *lis pendens*. See, *e.g., Empfield v Superior Court* (1973) 33 CA3d 105, 108 CR 375; *Wilkins v Oken* (1958) 157 CA2d 603, 321 P2d 876.

It does not reflect the true state of the law, which is that a real property claim is anything that can affect title. If Plaintiffs prevails on any of these claims, his possible remedies would void Defendants' prior title to the Subject Property. Therefore, a lis pendens may be maintained under any one of them.

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT AURORA LOAN SERVICES LLC.'S MOTION TO EXPUNGE *LIS PENDENS***

Moreover, when the California State Legislature, in 1992, changed the *lis pendens* statute, it also radically changed the statutory standard for expunging a *lis pendens*. To wit:

> "Under the new law the court shall order the notice expunged (without an undertaking) if it finds either 'that <u>the pleading on which the notice is based</u> does not contain a real property claim' (§ 405.31, the 'real property claim' prong) or 'that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim' (§ 405.32, the 'probable validity' prong)." (emphasis added)

*Hunting World Inc. v. Superior Court* (1994) 22 Cal.App.4th 67, 70.

<u>A. As to the first prong, the pleading on which the Notice of Pendency of Action was based contained eight real property claims, as discussed above.</u>

i. Plaintiffs has stated a claim for fraud. Paragraphs 1-122 of the Complaint.

ii. Plaintiffs has stated a claim for constructive fraud. Paragraphs 1-131 of the Complaint.

iii. Plaintiffs has stated a claim for broker's breach of duty to disclose. Paragraphs 1-157 of the Complaint.

iv. Plaintiffs has stated a claim for injunctive relief. Paragraphs 1-233 of the Complaint.

v. Plaintiffs has stated a claim for rescission under Truth in Lending Act. Paragraphs 1-180 of the Complaint.

vi. Plaintiffs has stated a claim under the California Consumer Legal Remedies Act. Paragraphs 1-173 of the Complaint.

If all the allegations of Plaintiffs' complaint were taken as true, Plaintiffs would prevail on all his claims, and therefore expungement of the *lis pendens* is improper and Defendant' motion under Code of Civil Procedure §405.31 should be denied to protect subsequent purchasers pending adjudication of these title issues.

### IV. No Undertaking Should Be Required of Plaintiffs; Rather, an Undertaking Should Be Required of Defendant as a Condition to Expunging the Notice.

No statutory ground has been established to warrant expungement of the notice. Defendant have not provided any evidence of damages in conjunction with its motion, whatsoever, and there is no basis for requiring Plaintiffs to post an undertaking as a condition to maintaining the *lis pendens*.

Even if, *arguendo*, Defendant had demonstrated a proper reason for expunging the notice, the Court nevertheless should not require such an undertaking since Defendant failed to show the nature and amount of any purported damages they will suffer if the *lis pendens* is maintained. As a result, it is not possible to determine whether an undertaking should be required and, if so, the amount thereof and, therefore, the Court is without any basis for ordering Plaintiffs to post an undertaking.

On the contrary, if the Court decides to expunge the *lis pendens*, then a condition for doing so should be the posting of an undertaking by Defendant. If a claimant, such as Plaintiffs, shows a probably valid claim, the court may still order a *lis pendens* expunged if adequate relief for the <u>claimant</u> may be secured by the giving of an undertaking. West's Ann.Cal.C.C.P. § 405.33. *Kirkeby v. Superior Court of Orange County*, 15 Cal. Rptr. 3d 805, 93 P.3d 395 (Cal. 2004). Although Plaintiffs requests the opportunity to present evidence as to the nature and amount of the undertaking, the undertaking posted by Defendant should be at least of such amount as will indemnify Plaintiffs for all damages proximately resulting from the expungement, which Plaintiffs may incur if she prevails upon the real property claim, in no event less than $500,000.00. (CCP § 405.33.)

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT AURORA LOAN SERVICES LLC.'S MOTION TO EXPUNGE *LIS PENDENS***

Therefore, if the Court should grant Defendant' Motion to Expunge, the Court should require Defendant, not Plaintiffs, to post a bond to expunge the *lis pendens* as a prerequisite to the expungement.

### V. If the inadvertent exclusion of a description of the property in the *Lis Pendens* has any legal effect, the court may grant leave to Plaintiffs to amend the Notice in the interests of justice.

Under CCP §405.36, once a *lis pendens* has been expunged, the claimant cannot record another one on the affected property without leave of the court in which the action is pending. If a sale of the property is pending, normal motion procedures and service requirements may be too lengthy to permit the claimant to amend the pleading and to file a motion to permit recordation of a new *lis pendens* after leave of court and before the sale. Therefore, a claimant who can demonstrate that the pleading can be amended to state a real property claim should seek to amend the pleading at the earliest opportunity.

If the court expunges the *lis pendens*, Plaintiffs may face extreme prejudice if Defendant were to alienate the property. In the interests of justice, the Court may continue this expungement hearing, granting leave to amend the *lis pendens*.

### VI. Conclusion.

Based on the foregoing, Plaintiffs respectfully requests that Defendant' Motion be DENIED in its entirety. Because of Defendant' failure to meet and confer prior to filing its motion, Plaintiffs also reserves his right to ask for fees and costs upon appropriate motion. Finally, in the alternative if the motion is granted, Plaintiffs asks the court to cause Defendant to post a bond to protect Dannie A. Guerrero and Tracey Poueu-Guerrero should they sell their property to a Bona Fide Purchaser for Value during the pendency of the case.

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT AURORA LOAN SERVICES LLC.'S MOTION TO EXPUNGE *LIS PENDENS***

Dated: October 22, 2009                    Respectfully submitted,

By:_____/S/_____
Michael Patrick Rooney, Esq.
Attorney for Plaintiffs Dannie A.
Guerrero and Tracey Poueu-Guerrero

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT AURORA LOAN SERVICES LLC.'S MOTION TO EXPUNGE *LIS PENDENS***