Michael Patrick Rooney (SBN. 248491)
MICHAEL ROONEY LAW OFFICE
580 California St. Fl. 16
San Francisco, CA 94104
Tel: (415) 533-0282
Fax: (415) 704-3321

Attorney for DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO, Plaintiffs.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO,<br><br>    Plaintiffs,<br><br>v.<br><br>GREENPOINT MORTGAGE FUNDING, INC., AURORA LOAN SERVICES, INC., QUALITY LOAN SERVICE CORP., FINANCIAL COMPANY OF AMERICA, and DOES 1-100,<br><br>    Defendants. | CASE NO.: 09-CV-4211-JL<br>Complaint Filed: 8/11/2009<br><br>**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT AURORA LOAN SERVICES LLC.'S MOTION TO DISMISS AND MOTION TO STRIKE**<br><br><br>Date: November 18, 2009<br>Time: 9:30 a.m.<br>Judge: Hon. James Larson<br>Location: US District Court<br>            450 Golden Gate Avenue<br>            Courtroom F, 15th Floor<br>            San Francisco, CA<br><br>[*Motion for Remand Previously Filed*] |

1

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT AURORA LOAN SERVICES LLC.'S MOTION TO DISMISS, MOTION TO STRIKE AND MOTION TO EXPUNGE *LIS PENDENS***

## I. Introduction.

AURORA LOAN SERVICES LLC's ("Defendant") motion to dismiss fails to establish a basis for dismissal of any of Plaintiff's well-pleaded causes of action. Under FRCP Rule 8, "plaintiffs need to provide only a 'short and plain statement of the claim,' which Plaintiff has done.

## II. Under a Notice Pleading Standard, Each of Plaintiffs Claims are Sufficiently Pled.

A valid complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Generally, notice pleading is all that is required. *See Lombard's Inc. v. Prince Mfg., Inc.*, 753 F.2d 974 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 71 F.2d 989, 994-95 (11th Cir.1983); *see also Sanjuan v. American Bd. Of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir.994).

The Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), has prompted some courts to reconsider the standard for deciding motions to dismiss under Rule 12(b)(6). *See, e.g., In re Elevator Antitrust Litigation*, 502 F.3d 47, 50 (2d Cir.2007) ("Considerable uncertainty surrounds the breadth of . . . *Twombly*.") (citations and quotations omitted); *Igbal v. Hasty*, 490 F.3d 43, 157 (2d Cir.2007) (holding that *Twombly* does not require "a universal standard of heightened fact pleading, but rather a flexible 'plausibility standard'").

2

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT AURORA LOAN SERVICES LLC.'S MOTION TO DISMISS, MOTION TO STRIKE AND MOTION TO EXPUNGE *LIS PENDENS***

However, it most be stressed, that in *Twombly,* the Court did not do away with the notice pleading standards of *Rule 8* and more importantly, did not require the pleadings of specific facts. As one district court has observed:

The Court's forced retirement of *Conley v. Gibson's* "no set of facts" language does not change the fundamental command of *Rule 8* as to what a valid complaint must look like. Indeed, the Court made clear that it was not imposing a heightened pleading standard. *Twombly*, 550 U.S. at 570 ("We do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its, face."). *CBT Flint Partners, LLC v. Goodmail Systems, Inc.*, 529 F.Supp.2d 1376, 1379 (N.D. Ga. 2007); *See also Hamilton v. Allen Bradely Co.*, 217 F.3d 1321 (11th Cir. 2000) ("Detail is not the bedrock on which a proper complaint stands.").

As the court recently explained in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has a facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than sheer possibility that a defendant acted unlawfully. *Ashcroft v. Iqbal*, at 1949 (2009).

In applying *Twombly*, in *Watt v. Florida Intern. University*, 495 F.3d 1289 (11th Cir.2007), the Eleventh Circuit stated that the Supreme Court's most recent formulation of the pleading standard provides that the rule "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary element. *Id.* It is sufficient if the complaint succeeds in "identifying

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT AURORA LOAN SERVICES LLC.'S MOTION TO DISMISS, MOTION TO STRIKE AND MOTION TO EXPUNGE *LIS PENDENS***

facts that are suggestive enough to render [the element] plausible." *Id. Watt v. Florida Intl. Univ.*, 495 F.3d 1289, 1295-96.

Thus, the question is whether Plaintiffs have alleged enough factual material to suggest, raise a reasonable expectation of, and render plausible that Defendants should be held liable.

In this case, Plaintiffs stated facts and incorporated documentary evidence sufficient to support each claim. Documents attached to the complaint and incorporated therein by reference are treated as part of the complaint for purposes of a Rule 12(b)(6) motion. *In re Colonial Mortg. Bankers Corp.* (1st Cir. 2003) 324 F.3d 12, 16; *Kaufman & Broad-South Bay v. Unisys Corp.* (ND CA 1993) 822 F. Supp 1468, 1472. Plaintiffs realleged all previous paragraphs into each cause of action. Under a 12(b)(6) motion, the court must decide whether the facts alleged, if true, would entitle Plaintiffs to some form of legal remedy. Unless the answer is unequivocally "no", the motion must be denied. *Conley v. Gibson* (1957) 355 US 41, 45-46; *De La Cruz v. Tormey* (9th Cir. 1978) 582 F2d 45, 48; *SEC v. Cross Fin'l Services, Inc.* (CD CA 1995).

"A suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim"; *Hearn v. R.J. Reynolds Tobacco Co.* (D AZ 2003) 279 F. Supp.2d 1096.

The Complaint, on its face, contains multiple grounds for relief based on the facts clearly pled. Therefore, Defendant's motion must be denied.

**III. Defendant's Arguments Regarding Statutes of Limitations Ignore the Fact that Plaintiffs had no Way to Discover All Alleged Violations until July 2009, When They Hired a Lawyer to Investigate Why Their Payments Had Become So High.**

The doctrine of equitable tolling permits a court to deem a late filed action timely when "'principles of equity would make the rigid application of a limitation period unfair.'" *Miller v.*

4

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT AURORA LOAN SERVICES LLC.'S MOTION TO DISMISS, MOTION TO STRIKE AND MOTION TO EXPUNGE *LIS PENDENS***

*New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir.1998). In such cases, the policy of repose reflected in limitations periods, designed to protect defendants, is outweighed by "the interests of justice [that] require vindication of the plaintiff's rights." *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 428 (1965).

Under federal law, the doctrine of equitable tolling "is read into every federal statute of limitations." *Holmberg v. Armbrecht*, 327 U.S. 392 (1946); *Ernst & Young v. Matsumoto (In re United Ins. Mgmt., Inc.)*, 14 F.3d 1380, 1385 (9th Cir.1994). Equitable tolling is applied under federal law in two types of situations: (1) where the defendant's wrongful conduct prevented plaintiff from timely asserting his claim, and (2) where extraordinary circumstances outside plaintiff's control make it impossible for plaintiff to timely assert his claim. *Seattle Audubon Soc. v. Robertson*, 931 F.2d 590, 595 (9th Cir.1991), *rev'd on other grounds*, 503 U.S. 429 (1992); *Amazing Enters. V. Jobin (In re M & L Bus. Mach., Inc,)*, 153 B.R. 308, 311 (d.Colo.1993).

In addition, federal statutes are presumptively subject to equitable tolling unless tolling would be inconsistent with Congressional intent. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990); *Bowen v. City of New York*, 476 U.S. 467, 480 (1986). In deciding whether equitable tolling is available under a particular statute, courts often phrase the issue as whether the time limitation constitutes or is analogous to a statute of limitations, in which case tolling is available; or whether the limitation is a jurisdictional prerequisite to filing a claim, in which case tolling is unavailable and noncompliance with the deadline forever bars the claim. *See e.g., Zipes v. Trans world Airlines, Inc.*, 455 U.S. 385, 392-93 (1982).

In this case, Plaintiffs pled that their broker deceived them not only as to the true terms of the alleged agreement, but also so that he would not conduct further investigation at the time. They

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT AURORA LOAN SERVICES LLC.'S MOTION TO DISMISS, MOTION TO STRIKE AND MOTION TO EXPUNGE *LIS PENDENS***

did not know the true terms of the loan until they hired counsel, who is both a Broker and an Attorney and has an MBA with heavy concentration in finance. Therefore, Plaintiffs qualify for equitable tolling of all applicable statutes of limitations. This is pled in the Complaint. It is not fair to hold the Plaintiffs accountable to discover wrongs which were impossible for them to discover, and which were concealed by Defendants' own wrongdoings.

### IV. If there are any Problems with the Pleading, Plaintiffs Complaint Can Be Amended to Sufficient Factual Levels, and Therefore Leave to Amend is Appropriate.

Plaintiffs submit that the motion to dismiss should be denied. But, in the alternative, Plaintiffs seeks leave of court to conduct discovery and to amend the complaint to add more detailed allegations concerning any causes of action the Court finds do not put Defendants on notice of the claim.

This is because, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir.1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503. 509 (4th Cir.986)) (emphasis in original). For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Oroweat Foods Co.*, 785 F.2d at 510-511; *see also Rambus, Inc. v. Infineon Tech., AG*, 304 F.Supp.2d 812, 819 (E.D.Va.2004).

In addition, "[t]he Motion to dismiss for failure to state a claim is viewed with disfavor and is *rarely granted*." *Gillican v. Jamco Develop. Corp.* (9th Cir. 1997) 108 F.3d 246, 249 (emphasis added; internal quotes omitted). A 12(b)(6) dismissal is proper only in "extraordinary" cases. *United States v. Redwood City* (9th Cir. 1981). "Instead of lavishing attention on the complaint

6

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT AURORA LOAN SERVICES LLC.'S MOTION TO DISMISS, MOTION TO STRIKE AND MOTION TO EXPUNGE *LIS PENDENS***

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

until the plaintiffs get it just right, a district court should keep the case moving---if the claim is unclear, by requiring a more definite statement under Rule 12(e), and if the claim is clear but implausible, by inviting a motion for summary judgment." *Bennett v. Schmidt* (7th Cir. 1998) 153 F3d 516, 518.

The test is whether the facts, as alleged, support *any* valid claim entitling plaintiffs to relief...not necessarily the one intended by plaintiffs. Thus, a complaint should not be dismissed because plaintiffs erroneously rely on the wrong legal theory if the facts alleged support any valid theory. *Haddock v,. Board of Dental Examiners of Calif.* (9th Cir. 1985) 777 F2d 462, 464.

Finally, A Rule 12(b)(6) motion will not be granted merely because plaintiffs requests a remedy to which he or she is not granted. *Doe v. United States Dept. of Justice* (DC Cir. 1985) 753 F.2d 1092, 1104.

In this case, Plaintiffs complaint states broad grounds for relief under many applicable theories of law. Defendant's filing a 12(b)(6) was inappropriate, and was done as a tactical move to harass the Plaintiffs and to cause undue delay.

Defendant's motion must be denied.

### V.   Conclusion.

Based on the foregoing, Plaintiffs respectfully requests that Defendants' Motion be DENIED in its entirety. If the court grants Defendant's motion (and also denies Plaintiff's concurrent remand motion), Plaintiffs respectfully requests leave to amend the Complaint. Plaintiff also seeks any other relief the court deems appropriate.

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT AURORA LOAN SERVICES LLC.'S MOTION TO DISMISS, MOTION TO STRIKE AND MOTION TO EXPUNGE *LIS PENDENS***

1     Dated: October 22, 2009            Respectfully submitted,

By:_____/S/_____
Michael Patrick Rooney, Esq.
Attorney for Plaintiffs Dannie A.
Guerrero and Tracey Poueu-Guerrero

**PLAINTIFFS DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO'S OPPOSITION TO DEFENDANT AURORA LOAN SERVICES LLC.'S  MOTION TO DISMISS, MOTION TO STRIKE AND MOTION TO EXPUNGE** *LIS PENDENS*