AKERMAN SENTERFITT LLP
DONALD M. SCOTTEN (CA SBN 190532)
Email: donald.scotten@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

AKERMAN SENTERFITT LLP
JUSTIN D. BALSER (CA SBN 213478)
Email: justin.balser@akerman.com
The Kittredge Building
511 Sixteenth Street, Suite 420
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714

Attorneys for Defendant
AURORA LOAN SERVICES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO,<br><br>Plaintiffs,<br><br>v.<br><br>GREENPOINT MORTGAGE FUNDING, INC., AURORA LOAN SERVICES, INC., QUALITY LOAN SERVICE CORP., FINANCIAL COMPANY OF AMERICA, and DOES 1-100,<br><br>Defendants. | Case No. 3:09-CV-04211-JL<br>Hon. James Larson<br><br>**DEFENDANT AURORA LOAN SERVICES LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>Date:        November 18, 2009<br>Time:        9:30 a.m.<br>Courtroom:   15<br><br>Complaint Filed August 11, 2009<br>Complaint Removed: September 11, 2009<br>Trial Date: None |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs Dannie A. Guerrero and Tracey Poueu-Guerrero move to remand this matter to the Superior Court for Sonoma County based on lack of federal subject matter jurisdiction. Plaintiffs' motion to remand demonstrates a failure to understand basic principles of federal question and supplemental jurisdiction. The complaint in this action explicitly bases its claims on four different

federal statutes. In fact, this matter was properly removed by Aurora Loan Services LLC (**Aurora**) and should remain before this United States District Court for the Northern District of California.

## II. STATEMENT OF FACTS

Plaintiffs commenced this action by filing their complaint in the Superior Court for Sonoma County on June 18, 2009. (*See* Plaintiff's Motion to Remand at 2:6). The case arises from a home loan that plaintiffs took out secured by the property at 5718 Dexter Circle in Rohnert Park, California. Specifically, in December 2006, plaintiffs borrowed $590,000 from GreenPoint Mortgage Funding, Inc. (**GreenPoint**). (Complaint dated August 6, 2009, ¶ 12). The loan was secured by a deed of trust. (Compl., ¶ 15). After they defaulted on their payments, the property was sold by the trustee. (Compl. ¶ 21). They now allege that they were defrauded into entering into the transaction, (Compl. ¶ 48, 50), that Aurora did not respond to plaintiffs' communications while servicing the loan (Compl. ¶ 93), that Aurora promised a loan modification to plaintiffs' (Compl. ¶ 119), that the originating lender violated the Truth-in-Lending Act in the original loan disclosures, (Compl. ¶ 122), that Aurora committed unfair debt collection activities, (Compl. ¶ 136). All of this was allegedly part of a racketeering conspiracy in which Aurora participated. (*See* Compl. ¶¶ 157-59).

Defendant Aurora filed its notice of removal on September 11, 2009. Quality Loan Service Corp. (**Quality**) filed a declaration of non-monetary status in the state court. (See Notice of Removal dated September 10, 2009, Ex. 3). Co-defendant GreenPoint consented to removal at the time it was affected. (*Id*., Ex. 2). The defendants all moved to dismiss.

On September 25, 2009, plaintiffs filed their motion to remand. Aurora now opposes that motion.

## III. LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When a plaintiff moves to remand a removed case for lack of subject matter jurisdiction, the district court must make a threshold determination of whether complete diversity between parties exists or whether the

complaint raises a federal question. *See Osborn v. Haley*, 549 U.S. 225, 243 (2007). The court must analyze the "well-pleaded complaint" to make this determination. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Under the "well-pleaded complaint rule," a federal question only exists when it appears "on the face" of the plaintiffs' pleading. *E.g., Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).

Supplemental jurisdiction is provided for in 28 U.S.C. § 1367(a). With a few exceptions not relevant here, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id*. A state claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claim, and if they would normally be tried together. *E.g.*, *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

### IV.   ARGUMENT

**A.   Removal Was Proper Because There Is Federal Subject Matter Jurisdiction**

The removal of this case to federal court was proper because there are federal causes of action on the face of the complaint, and the state law claims are based on the same operative facts, providing supplemental jurisdiction. This was detailed at length in the notice of removal, and the specific federal questions at issue are also set forth in the Statement of Facts above.

**1.   The Complaint Presents Federal Questions**

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. On its face, plaintiffs' complaint presents five federal questions: (a) the fourth cause of action under the Real Estate Settlement Procedures Act (**RESPA**), 12 U.S.C. § 2601, *et seq*., (b) the eighth cause of action under the Truth-in-Lending Act, 15 U.S.C. § 1601, *et seq*., (c) the eleventh cause of action under the Fair Debt Collection Practices Act (**FDCPA**), 15 U.S.C. § 1692, *et seq*., and RESPA, (d) the twelfth cause of action for declaratory relief based on 15 U.S.C. § 1639(h), a federal statute (part of TILA), and (e) the fourteenth cause of action based on a violation of the Racketeer Influenced and Corrupt

Organizations Act (RICO), 18 U.S.C. § 1961, *et seq*. Therefore, on its face, the complaint presents five separate federal questions.

### 2. The Court Has Supplemental Jurisdiction over the State Claims

In this case, all of the state claims meet the test for transactional relation to the federal claims. Plaintiff's RESPA claim involves the servicing of their mortgage. (*See* Compl. ¶¶ 88-95). In the TILA claim, plaintiffs allege that the lender "failed to disclose in the contract the material terms of the loan prior to consummation of the subject transaction." (Compl. ¶ 122). The FDCPA claim involves actions taken after origination to collect mortgage payments. (Compl. ¶ 136). "Count V" of the declaratory relief cause of action challenges the legality of the loan terms under a federal statute, 15 U.S.C. § 1639. (Compl. ¶ 151). The RICO conspiracy claim alleges that all of the "aforesaid acts," meaning all the facts alleged in the facts section of the complaint and in the first thirteen cause of action. was a result of racketeering scheme in which all defendants participated. (Compl. ¶ 158).

All of the state claims implicate conduct intertwined with one or more of the federal causes of action. The first cause of action, for an accounting, involves questions of servicing in common with the RESPA claim. The second and third claims for fraud involve both how the loan originated, in common with the TILA claim, and events during Aurora's servicing of the loan leading up to foreclosure, in common with the RESPA and FDCPA allegations. The fifth cause of action for reformation is just another fraud claim based on misrepresentations before loan origination (Compl. ¶ 97), in common with the TILA claim. Similarly, the broker's breach of duty allegation (not pled against any defendant that has yet appeared in the case), again raises events in the origination process. The seventh cause of action under the Consumer Legal Remedies Act, Cal. *Civil Code*, § 1770, is pled against "Defendant Servicer" and involves conduct during loan servicing, like the RESPA claim. The ninth and tenth causes of action accuse defendants of falsely advertising products to induce plaintiffs to take out the loan, similar events to the origination activity at issue in the TILA claim.

Plaintiffs' eleventh cause of action alleges violations of debt collection laws, both state and federal; there are no facts pled, but it appears the state and federal claims arise from the same facts. The twelfth cause of action seeks to declare the loan unlawful, declare that there has no default, obtain the name of the owner of the promissory note, and to determine plaintiffs' rights and duties to tender.

As such, it implicates origination and the creation of the loan, like the TILA claim, and servicing, like the RESPA and FDCPA claims. The thirteenth cause of action alleges slander of title, presumably based on the notion that the loan documents were fraudulent, which would concern the same origination conduct at issue in the TILA claim. Plaintiffs do not say what conduct underlies the fifteenth cause of action for intentional infliction of emotional distress, but the next claim, negligent infliction of emotional distress, is based on "negotiations and execution" of the promissory note. (Compl. ¶ 164). The seventeenth and eighteenth causes of action are based on the previous paragraphs, (Compl.¶¶ 166, 170), which necessarily includes the facts relating to the federal claims. The nineteenth cause of action seeking "specific performance" alleges that the "loan is presently in an uncertain state," apparently because of the prior allegations relating to origination and servicing misconduct.

The twentieth cause of action arises under the RFDCPA, in particular *Civil Code* § 1788.17, (*see* Compl. ¶ 186), which incorporates substantive provisions of the federal FDCPA. That claim obviously concerns the same facts as those underlying the federal FDCPA claim. Finally, the twenty-first cause of action is another fraud claim based on origination and a supposed conspiracy to defraud plaintiffs, the same events underlying the TILA and RICO claims. (Compl. ¶¶ 199-200).

It is appropriate to exercise supplemental jurisdiction over these state law claims, all of which are intertwined with the facts on which the federal causes of action are founded. This complaint is a quintessential example of when supplemental jurisdiction is appropriate.

### 3. Plaintiffs' Motion Raises Only Irrelevant Arguments

The motion to remand does not explicitly address the existence of federal causes of action in the complaint. It does obliquely recognize them in its argument that the federal issues presented by the complaint must be "substantial," (Motion to Remand at 3:11-15), the implication apparently being that plaintiffs do not consider five of their own causes of action to be substantial.

The cases plaintiffs cite in support actually address completely different issues from those presented by the complaint in this action. They first cite *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg Co.*, 545 U.S. 308 (2005). In *Grable*, the issue was whether an ostensibly state law claim (regarding title to real property) was really a federal claim; if so, it would give rise to

federal question jurisdiction and the right to remove because it required an adjudication of federal tax law. *Id*. The Supreme Court held that it did because of the national interest in a federal forum to resolve federal tax questions, and because allowing removal would not upset the division of labor between state and federal courts. *Id*. at 314-16.

*Grable* may be interesting, but it has nothing to do with the facts of the complaint before this Court. In *Grable*, there were no causes of action designated at arising under the laws or Constitution of the United States. Rather, the case explored when a state claim that required decision of federal law issues crossed a line into becoming a federal question. Many of the other cases cited in the motion to remand also involve cases in which there was no cause of action explicitly grounded on federal law. *See Sarantino v. Am. Airlines, Inc.*, No. 4:05MD1702, 2005 WL 2406024, at *6 (E.D.Mo. Sept. 29, 2005) (no federal allegation as "a cause of action in its own right); *In re: Circular Thermostat*, No. C08-1673, 2005 WL 2043022, at *1 (N.D.Cal. Aug. 24, 2005); *Armitage v. Deutsche Bank AG*, No. C 05-0938, 2005 WL 3095909, at *2 (N.D.Cal. Aug. 14, 2005); *Coil v. Recovery Mgmt. Corp.*, No. 05-0151, 2005 WL 1182366, at *1 (W.D.Mo. May 16, 2005).

Plaintiffs mention that some cases have analyzed whether a factual issue is "dispositive." (Motion to Remand at 6:29). However, that question only arose when a court was trying to determine how central a federal question may be to a nominally state law claim. *See, e.g., Heichman v. Am. Tel. & Telegraph Co.*, 943 F.Supp. 1212, 1218 (C.D.Cal. 1995). Plaintiffs argue that TILA is not "dispositive" of the entire case, but they fail to understand the issue. When courts have made the "dispositive" inquiry, the question was not whether a complaint presents only federal questions but whether a question of federal law was dispositive of the ostensibly state law cause of action. In *Grable*, the federal tax issue was "essential" to resolution of the state title action. *See Grable*, 545 U.S. at 315. In this case, there are five causes of action in which federal law must be decided for even clearer reason: because they are federal law claims. The cases cited by plaintiffs are inapposite.

The only conceivably pertinent argument that plaintiffs offer is that the U.S. Supreme Court has held that in some circumstances a formally federal cause of action may not be the basis for federal jurisdiction because of the predominance of state-law issues. (Motion to Remand at 8:10-12). In support, plaintiff cites to *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 814 (1986), although

that case did not involve any "formal" federal causes of action. Rather, the issue was "whether the incorporation of a federal standard in a state-law private action, when Congress has intended that there not be a federal private action for violations of that federal standard, makes the action one 'arising under the Constitution, laws, or treaties of the United States,[.]'" *Id*. at 805. As such, its holding that the existence of federal standards did not transform a state claim into a federal one is irrelevant to this complaint, which forthrightly pleads federal causes of action. In *Shoshone Min. Co. v. Rutter*, 177 U.S. 505 (1900) the Supreme Court held that a cause of action created by a federal statute but which did not involve the construction of federal laws did not give rise to a federal question. *Id*. at 507-508; *see also Shulthis v. McDougal*, 225 U.S. 561, 569-70 (1912) (just because title traceable to grant from United States does not give rise to federal question). But that principle has no application here because plaintiffs' federal claims – under TILA, FDCPA, RESPA, and RICO – do not involve the construction of state law. They are classic federal claims.

Plaintiffs next argue that a federal remedy is not available, claiming TILA only allows for a $1,000 fine for a violation. (Motion to Remand at 9:9-10:2). Even if this were true – which it is not since TILA allows rescission of a loan in appropriate circumstances, 15 U.S.C. § 1635, as well as recovery of actual damages, 15 U.S.C. § 1640(a) – it misses the larger point that the forum court does not affect the availability of damages. A federal court exercising supplemental jurisdiction has all the powers of a state court addressing the same legal claims. *See, e.g.*, *Felder v. Casey*, 487 U.S. 131, 151 (1988) (when a federal court exercises pendent jurisdiction that outcome should be the same as it would be in state court),

Plaintiffs next argue that defendants cannot invoke the doctrine of complete preemption. Under that doctrine, sometimes "the preemptive force of some statutes is so strong that they completely preempt an area of state law. In such instances, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000) (internal citations and quotations omitted). Aurora did not invoke the doctrine of complete preemption in the removal notice, nor does it believe the doctrine applies here. Plaintiffs' argument is not relevant.

Finally, plaintiffs argue even if the case involves substantial federal claims, the Court should remand the state claims to state court, severing the action. In effect, plaintiffs challenge the application of supplemental jurisdiction to the state law claims here, although the moving papers make no effort to explain why the state claims do not derive from the same transactions as the federal claims. As set forth in section III(A)(2) of this memorandum, each state law claim herein is based on the same operative facts as the federal claims. In fact, according to plaintiffs' own complaint, everything alleged in the complaint is part of a conspiracy involving all of the defendants. (Compl. ¶¶ 39, 157-59). Plaintiffs' case citations do not support their remand argument. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1196-97 (9th Cir. 1988) concerned a situation in which federal jurisdiction was not available for one of the claims that defendants had removed based on the now-defunct doctrine of "derivative jurisdiction." How this relates to the plaintiffs' argument here is not apparent. *Taylor v. First of America Bank-Wayne*, 973 F.2d 1284, 1287-88 (6th Cir. 1992) recites the uncontroversial rule that a federal court may remand a case when federal claims have been eliminated, but the plaintiffs here have not withdrawn or otherwise eliminated their federal claims. Even in this motion to remand, plaintiffs have reasserted their federal TILA claim. (Motion to Remand at 9:26).

The motion provides no basis for the remand it seeks.

## IV. CONCLUSION

Removal in this case was proper. Plaintiffs' arguments in support of the motion to remand are nonsensical. Put bluntly, they understand neither the nature of federal question and supplemental jurisdiction, nor even what is in their own complaint. The motion to remand should be denied.

Dated: October 28, 2009             Respectfully submitted,

**AKERMAN SENTERFITT LLP**


By: /s/ *Justin D. Balser*
    Justin D. Balser
Attorneys for Defendants
AURORA LOAN SERVICES LLC