AKERMAN SENTERFITT LLP
DONALD M. SCOTTEN (CA SBN 190532)
Email: donald.scotten@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

AKERMAN SENTERFITT LLP
JUSTIN D. BALSER (CA SBN 213478)
Email: justin.balser@akerman.com
The Kittredge Building
511 Sixteenth Street, Suite 420
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714

Attorneys for Defendant
AURORA LOAN SERVICES LLC
erroneously sued herein as Aurora Loan Services, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO,<br><br>Plaintiffs,<br><br>v.<br><br>GREENPOINT MORTGAGE FUNDING, INC., AURORA LOAN SERVICES, INC., QUALITY LOAN SERVICE CORP., FINANCIAL COMPANY OF AMERICA, and DOES 1-100,<br><br>Defendants. | Case No. 09-CV-4211-JL<br>The Hon. James Larson<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT AURORA LOAN SERVICES LLC'S MOTIONS TO DISMISS, TO STRIKE, AND TO EXPUNGE THE *LIS PENDENS***<br><br>**Fed. R. Civ. P. 12(b)(6) and (f)**<br>*Code. Civ. Proc.,* **§§ 405.31 and 405.32**<br><br>Date:           November 18, 2009<br>Time:           9:30 a.m.<br>Courtroom:    F<br><br>Complaint Filed August 11, 2009<br>Trial Date: None |

### I.     INTRODUCTION

In support of their frivolous lawsuit against a number of entities with some connection to their home loan, plaintiffs have now filed Plaintiffs Dannie A. Guerrero and Tracey Poueu-Guerrero's Opposition to Defendant Aurora Loan Services LLC's Motion to Dismiss and Motion to Strike (**MTD**

{DN011222;1}
{DN011181;1}                                                           1                                                        *Case No. 09-CV-4211-JL*

---

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT AURORA LOAN SERVICES LLC'S MOTIONS TO DISMISS, TO STRIKE, AND TO EXPUNGE THE LIS PENDENS**

**Opposition** or **MTD Opp**.) dated October 22, 2009, as well as Plaintiffs Dannie A. Guerrero and Tracey Poueu-Guerrero's Opposition to Defendant Aurora Loan Services LLC's Motion to Expunge Lis Pendens (**LP Opp**.) also dated October 22, 2009. These opposition papers fail to offer any coherent explanation why plaintiffs' lawsuit should be allowed to survive this motion to dismiss.

## II. ARGUMENT

### A. Plaintiffs' Claims Fail to Meet Any Pleading Standard

About half of the Opposition is devoted to a general discussion of the Rule 8 pleading standard, including *Bell Atlantic v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955 (2007), and *Ashcroft v. Iqbal*, ___ U.S. ____,129 S.Ct. 1937 (2009). Although they reference *Twombly* and *Iqbal*, they do not seem to have internalized their lessons. After *Iqbal*, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Opposition makes no attempt to explain why the allegations of the complaint actually meet this standard.

Aurora moved to dismiss each of the 18 causes of action alleged against it not only because of the pleading deficiencies but also on substantive grounds, as set forth at length in its moving papers. The only substantive argument the Opposition offers concerns the statute of limitations for one cause of action; that argument is rebutted in section II(B), *infra*, of this reply memorandum.

When a party fails to address a substantive argument in any way in its opposition to a dispositive motion, it is appropriate to dismiss the cause of action as unopposed. S*ee Kreca v. Edwards*, No. 06cv1709, 2008 WL 724095, at *1 (S.D.Cal. March 17, 2008). Among the arguments relevant to more than one cause of action that are totally ignored in the Opposition are the following:

- that several causes of action are preempted by federal law against Aurora
- that plaintiff's allegations attacking the trustee's sale cannot proceed because plaintiffs have not tendered the indebtedness
- plaintiffs cannot overcome the presumption of a valid sale

{DN011222;1}
{DN011181;1

2

Case No. 09-CV-4211-JL

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT AURORA LOAN SERVICES LLC'S MOTIONS TO DISMISS, TO STRIKE, AND TO EXPUNGE THE LIS PENDENS**

As to each individual cause of action, Aurora also made additional arguments that have met no response. Because they have failed to articulate a substantive opposition to Aurora's motion, the Guerreros' claims should be dismissed with prejudice.

### B. The Statute of Limitations Should Not Be Tolled

The Opposition heads it third section as follows, "Defendant's Arguments Regarding Statutes of Limitations Ignore the Fact that Plaintiffs had no Way to Discover All Alleged Violations until July 2009, When They Hired a Lawyer to Investigate Why Their Payments Had Become so High." (MTD Opp. at 4:25-27). There are several problems with this line of argument.

Aurora only moved to dismiss one claim on a statute of limitations basis: the fourth cause of action alleging a violation of the Real Estate Settlement Procedures Act (**RESPA**), 12 U.S.C. § 2601, *et seq*. Plaintiffs allege that "defendants' failure to respond to Plaintiffs' communications under RESPA constitute a violation of 12 U.S.C. § 2607(b)," (Complaint dated August 6, 2009, ¶ 93), although that subsection of RESPA has nothing to do with obligations to respond to communications, which is part of 12 U.S.C. § 2605. Rather, 12 U.S.C. § 2607(b) bars giving or receiving "any portion, split, or percentage of any charge made or received for the rendering of real estate settlement service" in connection with a covered mortgage loan "other than for services actually performed." Any such conduct, if it took place, would have happened at or about the time of the loan's closing which, in this case, was in December 2006.

It is not appropriate to equitably toll the RESPA claim in this case. Equitable tolling is available when, "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). The statute begins to run when the plaintiff should reasonably be aware of the existence of a possible claim. *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1195-96 (9th Cir. 2001). Here, the complaint has no facts at all related to equitable tolling. The Opposition argues that plaintiffs' broker deceived them and only after they hired counsel did they learn the "true terms of the loan." (MTD Opp. at 5:28-6:1). But the allegation related to fee splitting between parties involved in originating their loan does not relate to the "terms of the loan." The argument is a *non sequitur*.

{DN011222;1}
{DN011181;1}

3

Case No. 09-CV-4211-JL

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT AURORA LOAN SERVICES LLC'S MOTIONS TO DISMISS, TO STRIKE, AND TO EXPUNGE THE LIS PENDENS**

Courts have repeatedly dismissed RESPA claims as time-barred when they fail to plead facts showing an entitlement to equitable tolling. *See, e.g., Hutson v. Am. Home Mortgage Servicing, Inc.*, No. 09-1951, 2009 WL 3353312, at *5-6 (N.D.Cal. Oct. 16, 2009) (no equitable tolling because nothing prevented plaintiffs from comparing their loan documents to the RESPA statutory requirements); *Ferrari v. U.S. Bank, N.A.*, No. C 09-2908, 2009 WL 3353028, at *2 (N.D.Cal. Oct. 16, 2009) (equitable tolling not available because no facts pled in support); *Owens v. Wells Fargo Bank N.A.*, No. C 09-3354, 2009 WL 3353313, at *7 (N.D.Cal. Oct. 16, 2009) (same).  In *Abdollahi v. Washington Mutual FA*, No. C-09-00743-HRL, 2009 WL 1689656, *3 (N.D.Cal. June 15, 2009), the Court refused to toll the one-year statute of limitations for violations of section 2607 because the plaintiff had failed to plead fraud with particularity or any facts showing an inability to sue during the limitations period.  Plaintiffs plead no impediment to their learning of the supposed violation of section 2607 at an earlier time; therefore, they have not pled a valid basis for equitable tolling.[1]

### C. Leave to Amend Should Be Denied

Aurora made its bases for moving to dismiss perfectly clear in its moving papers.  These include the failure to tender the indebtedness and the conclusive presumption of validity attaching to the trustee's deed upon sale.  The Eastern District of California in *Sitanggang v. IndyMac Bank, FSB*, No. CV F 09-0367 LJO SMS, 2009 WL 1286484, at *2 (May 6, 2009), demonstrated the strict nature of this rule when it dismissed a challenge to set aside a foreclosure sale.  The court found "[p]laintiff's inability to make monthly promissory note payments reflects inability to tender amounts owed to bar her claims and requested relief", since "[s]etting aside the foreclosure is useless" if the borrower could not tender.  *Sitanggang*, 2009 WL 1286484, at *2.  The same Court also found a month later that the inability to tender was even a valid basis to deny leave to amend.  *See Wong v. Home Loan Servs., Inc.*, 2:09-cv-0847 JAM JFM PS, 2009 WL 1705667, at *3 (E.D. Cal. June 17, 2009) (leave to amend is futile when it does not appear that plaintiff could tender the amount owed in good faith or much less attack the foreclosure proceedings).

---

[1] Of course, even if plaintiffs were entitled to equitable tolling of the RESPA claim, they still have not pled any facts explaining what took place that violated their rights under that statute.  Therefore, the claim is still be subject to dismissal.

{DN011222;1}
{DN011181;1}

4

*Case No. 09-CV-4211-JL*

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT AURORA LOAN SERVICES LLC'S MOTIONS TO DISMISS, TO STRIKE, AND TO EXPUNGE THE LIS PENDENS**

These bars to recovery apply to, at a minimum, the causes of action for accounting, fraud, reformation, the Consumer Legal Remedies Act (**CLRA**), the Unfair Competition Law, the claim for declaratory relief, intentional and negligent infliction of emotional distress, injunctive relief, and for violation of *Civil Code* § 1572.  Plaintiffs have literally nothing to say in the Opposition about these claims, which must all fail based on the completed trustee's sale.  Absent a conceivably viable claim, the Guerreros should not be given an opportunity to amend this cause of action.

Aurora also argued that the fraud, CLRA, and part of the declaratory judgment claim were preempted by federal law.  Plaintiffs should not be allowed to amend any cause of action that is dismissed because it is preempted.

Finally, several of plaintiffs' allegations are not cognizable "causes of action" at all.  In particular, injunctive relief and rescission are remedies, so no cause of action for them as such will lie.  Likewise, the eighteenth cause of action seeking "specific performance" under *Civil Code* § 2923.6 should be dismissed with prejudice because there is no private right of action under that *Civil Code* section.  *Connors v. Home Loan Corp.*, No. 08cv1134-L(LSP), 2009 WL 1615989, at *5 (S.D. Cal. June 9, 2009).

This action is frivolous on its face.  No purpose would be served by allowing plaintiffs to file another frivolous complaint.  The case should be dismissed with prejudice.

### III.   THE MOTION TO STRIKE SHOULD BE GRANTED

Neither of plaintiffs' opposing memoranda does not specifically address Aurora's motion to strike the request for punitive damages.  Since it also ignores the substantive grounds of the motion to dismiss the claims on which the demand for punitive damages rests, the Court should grant Aurora's motion to strike.

### IV.   THE LIS PENDENS SHOULD BE EXPUNGED

Plaintiffs filed a separate opposition to Aurora's motion to expunge the *lis pendens* (or notice of pendency of action) that plaintiffs filed with their complaint.  The LP Opposition is just as frivolous as plaintiffs' other filings in this case.  Therefore, the *lis pendens* should be expunged without an undertaking from Aurora.

{DN011222;1}
{DN011181;1                                5                                *Case No. 09-CV-4211-JL*

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT AURORA LOAN SERVICES LLC'S
MOTIONS TO DISMISS, TO STRIKE, AND TO EXPUNGE THE LIS PENDENS**

*Code of Civil Procedure* § 405.31 requires that a *lis pendens* be expunged without an undertaking in one of three circumstances: (a) if it does not contain a real property claim, (b) if plaintiff cannot show it is more likely than not that his claims to real property will succeed, and (c) if the lis pendens is not properly served. *Hutson*, 2009 WL 3353312, at *16.

The Guerreros' first argument for the propriety of the *lis pendens* is that the recordation of such a notice is a statutory requirement of an action to quiet title. (LP Opp. at 2:4-5). This is a true statement of law. *See* Cal. *Code Civ. Proc.*, § 706.010(b). But the Guerreros' complaint does not include a quiet title cause of action or a prayer for such relief. Plaintiffs also identify a claim for rescission under the Truth-in-Lending Act as one of their claims affecting real property. They do not cite where in the complaint one can find such a claim, and Aurora is at a loss to find it (at least outside of the caption). In any case, the right to rescind under TILA expires upon sale of the property. *See* 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire … upon the sale of the property"). The trustee sold the Guerreros' former property on June 12, 2009 (Request for Judicial Notice dated September 18, 2009, Ex. 4), which is two months before plaintiffs commenced this action. Therefore, the Guerreros cannot possibly affect title through a TILA rescission here.

Plaintiffs also argue that a case to cancel a property deed or based on rescission of a land sale contract affects title to property, making a *lis pendens* appropriate. Here, plaintiffs' claims for rescission and to cancel the trustee's deed are frivolous because they cannot tender the indebtedness; indeed, they have totally ignored their requirement to do so throughout the complaint and both Oppositions. In addition, plaintiffs have not pled viable substantive grounds even if they could overcome the tender hurdle. The Guerreros' probability of succeeding on any claim affecting real property is, practically speaking, zero. Certainly it is less than the fifty percent they would need to show a probability of success justifying the maintenance of the *lis pendens*. *See* Cal. *Code Civ. Proc.*, § 405.31 ("'Probable validity,' with respect to a real property claim, means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim."). When a plaintiff fails to show a likelihood of success on the merits of his claims, it appropriate to expunge the *lis pendens*. *E.g., Hutson*, 2009 WL 3353312, at *16-17; *Watson v. MTC Fin. Inc.*, No. 2:09-CV-1012

{DN011222;1}
{DN011181;1}

6                                         Case No. 09-CV-4211-JL

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT AURORA LOAN SERVICES LLC'S MOTIONS TO DISMISS, TO STRIKE, AND TO EXPUNGE THE LIS PENDENS**

JAM-KJM, 2009 WL 2151782, at *4 (E.D.Cal. July 17, 2009); *Smith v. Wachovia Mortgage Corp.*, No. C 09-1300, 2009 WL 1948829, at *5-6 (N.D. Cal. July 6, 2009).

For these reasons, the motion to expunge the *lis pendens* should be granted.

## V.   CONCLUSION

Plaintiffs' Oppositions ignore almost all of Aurora's substantive arguments regarding the insufficiency of their pleading. The motions to dismiss and to expunge the *lis pendens* should both be granted. Should any part of the complaint survive, Aurora's motion to strike the request for punitive damages should be granted.

Dated: November 4, 2009              Respectfully submitted,

**AKERMAN SENTERFITT LLP**

By: */s/ Justin D. Balser*
   Justin D. Balser
Attorneys for Defendant
AURORA LOAN SERVICES LLC

{DN011222;1}
{DN011181;1}                          7                        *Case No. 09-CV-4211-JL*

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT AURORA LOAN SERVICES LLC'S MOTIONS TO DISMISS, TO STRIKE, AND TO EXPUNGE THE LIS PENDENS**