Michael Patrick Rooney (SBN. 248491)
MICHAEL ROONEY LAW OFFICE
580 California St. Fl. 16
San Francisco, CA  94104
Tel: (415) 533-0282
Fax: (415) 704-3321

Attorney for Dannie A. GUERRERO and Tracey POUEU-GUERRERO, Plaintiffs.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| Dannie A. GUERRERO and Tracey POUEU-GUERRERO,<br><br>Plaintiffs,<br><br>v.<br><br>GREENPOINT MORTGAGE FUNDING, INC., AURORA LOAN SERVICES, LLC., QUALITY LOAN SERVICE CORP., FINANCIAL COMPANY OF AMERICA, and DOES 1-100.<br><br>Defendants. | CASE NO.: 3:09-CV-04211-JL<br><br>**PLAINTIFF DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO REPLY TO AURORA LOAN SERVICES, LLC's OPPOSITION TO PLAINTIFF'S REMAND TO STATE COURT**<br><br>Date: November 18, 2009<br>Time: 9:30 a.m.<br>Courtroom: 15<br><br>Complaint Filed August 11, 2009<br>Complaint Removed: September 11, 2009<br>Trial Date: None |
|---|---|

**I.   The Core Of The Plaintiff's Case Comprises State Law And Common Law Violations.**

Plaintiff admits that there are federal issues pled as part of the Complaint, which was made clear throughout Plaintiff's Motion for Remand.  However, Plaintiff's theory of the case is that Mr. and Mrs. Guerrero were intentionally misled by their broker and lender into taking a bad loan that they couldn't afford, and didn't qualify for, so that these bad actors could "cash in" on the refinance craze of 2004-2008.  These are really state law tort claims, and therefore, the Federal Claims are incidental to those.

1

**PLAINTIFF DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO REPLY TO AURORA LOAN SERVICES, LLC's OPPOSITION TO PLAINTIFF'S REMAND TO STATE COURT**

Rather, An Accounting, Unfair Competition, Declaratory Relief, Unfair Debt Collection, Emotional Distress, Breach of Broker's Duty to Disclose, Slander of Title, Wrongful Foreclosure and Rescission (which is available at California Civil Code § 1691; *see also:* §1693 regarding tender) form the basis of the complaint. The great majority of the complaint is state law, and the heart of the claims are of the type state courts are more interested in. The federal court is not interested in these state property ownership issues.

Moreover, the state court has concurrent jurisdiction over TILA, RESPA, and RICO claims.

**II.     Under 15 U.S.C § 1640(e), State Courts Have Concurrent Jurisdiction Over TILA Claims.**

Under 15 U.S.C. § 1640(e), State Courts have concurrent jurisdiction over TILA claims. *Id.* It makes good judicial sense and promotes economy for the state court to hear matters lying with great majority in state law. The TILA claims here are incidental and do not lie at the heart of Plaintiff's claims. Therefore, Plaintiffs respectfully move that this Court remand this action to the Superior Court of California for the County of Sonoma.

**III.     Under 12 U.S.C. § 2614, State Courts Have Concurrent Jurisdiction Over RESPA Claims.**

Under 12 U.S.C. § 2614, state courts have concurrent jurisdiction over RESPA claims arising under 12 U.S.C. §§ 2605 (servicing) , 2607 (kickbacks), 2608 (title companies --- irrelevant to this matter). The Plaintiff's complaint alleges illegal kickbacks and servicing errors. Therefore, the state court has concurrent jurisdiction. Plaintiffs respectfully move that this Court remand this action to the Superior Court of California for the County of Sonoma.

**IV. Under *Tafflin v. Levitt*, 493 U.S. 455, State Courts Have Concurrent Jurisdiction Over RICO Claims.**

In a unanimous opinion written by Justice O'Connor, the Supreme Court noted that under the dual American system of state and federal sovereignty, state courts have inherent authority to

2

**PLAINTIFF DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO REPLY TO AURORA LOAN SERVICES, LLC's OPPOSITION TO PLAINTIFF'S REMAND TO STATE COURT**

adjudicate claims under federal law subject only to the limits of the Supremacy Clause of the United States Constitution. Thus, state courts are presumed under the Court's *Gulf Offshore Co. v. Mobil Oil Corp.* decision to have concurrent jurisdiction over a claim under federal law unless there is a provision in the statute expressly or implicitly limiting jurisdiction to federal courts. There was nothing in the RICO statute explicitly or implicitly preventing state courts from considering civil RICO claims.  *Tafflin v. Levitt*, 493 U.S. 455 (1990)

**IV.     Supplemental Jurisdiction would allow the Federal Court to Hear State Claims, but The State Court is More Interested in the Case than the Federal Court.**

Plaintiffs do not argue with Defendant's assertion that the federal court *could* take jurisdiction over state law claims where they are based in the same common nucleus of operative facts. Rather, Plaintiffs submit to the court that this common nucleus of operative facts sounds in state law, with incidental federal claims over which the state court may assert jurisdiction.

**III.     CONCLUSION**

WHEREFORE, the plaintiff respectfully requests that this Court remand this action to the Superior Court of California for the County of San Mateo.  In the alternative, Plaintiff respectfully requests that the state claims presented by the Complaint be remanded to the Superior Court of California for the County of Sonoma.

Dated: November 4, 2009                                      Respectfully submitted,

By: _____/S/_____
Michael Patrick Rooney, Esq.
Attorney for Plaintiffs Dannie A. GUERRERO and Tracey POUEU-GUERRERO

3

**PLAINTIFF DANNIE A. GUERRERO and TRACEY POUEU-GUERRERO REPLY TO AURORA LOAN SERVICES, LLC's OPPOSITION TO PLAINTIFF'S REMAND TO STATE COURT**